VERSO LAW GROUP LLP
GREGORY S. GILCHRIST (Cal. Bar No. 111536)
LUISA BONACHEA (Cal. Bar No. 267664)
RYAN BRICKER (Cal. Bar No. 269100)
PAYMANEH PARHAMI (Cal. Bar No. 335604)
209 Kearny Street, Third Floor
San Francisco, California 94108
Telephone:   (415) 534-0495
Facsimile:   (270) 518-5974
Email:        greg.gilchrist@versolaw.com
             luisa.bonachea@versolaw.com
             ryan.bricker@versolaw.com
             paymaneh.parhami@versolaw.com

Attorneys for Plaintiff
PATAGONIA, INC.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| PATAGONIA, INC., | Case No. 2:22-cv-07076 |
| Plaintiff, | COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION |
| v. | |
| WORN OUT, LLC, | |
| Defendant. | JURY TRIAL DEMAND |

This lawsuit is necessary to stop Worn Out, LLC ("Defendant" or "Worn Out") from infringing, misusing, and trading on Patagonia's well-known WORN WEAR® trademark.  Defendant sells apparel and offers retail store services under the brand "WORN OUT," which imitates Patagonia's WORN WEAR mark that Patagonia has used for the past decade in connection with apparel goods and retail and repair services, in a manner that inevitably will confuse consumers.

To stop this infringement of Patagonia's well-known trademark and prevent further damage to Patagonia and its brand, Patagonia alleges as follows:

/ / /

COMPLAINT
CASE NO. 2:22-cv-22-07076

- 1 -

## PARTIES, JURISDICTION, AND VENUE

1.    Patagonia, Inc. ("Patagonia") is a California corporation headquartered at 259 West Santa Clara Street, Ventura, California 93001.  Patagonia has been designing, developing, marketing, and selling outdoor apparel, accessories, and active sportswear for nearly fifty years.  Patagonia's WORN WEAR brand is well-known in the United States, and immediately recognized by consumers as a symbol of innovative apparel designs, quality products, and environmental and corporate responsibility.

2.    Defendant Worn Out, LLC is a Florida limited liability company with its principal place of business located at 19693 N.E. 23rd Court, Miami, Florida 33180.

3.    Defendant offers, promotes, and sells products and offers services that infringe Patagonia's intellectual property rights online throughout the country at shopatwornout.com.

4.    Patagonia's trademark claims arise under the Trademark Act of 1946 (the Lanham Act), as amended by the Trademark Dilution Revision Act of 2006 (15 U.S.C. §§ 1051, *et seq.*).  This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair competition), 28 U.S.C. § 1331 (federal question), and 15 U.S.C. § 1121 (Lanham Act).  This Court has jurisdiction over the state law claims under 28 U.S.C. § 1367 (supplemental jurisdiction) and 28 U.S.C. § 1332 (diversity).

5.    This Court has personal jurisdiction over Defendant because Defendant has purposefully availed itself of the privilege of doing business in this district.  Defendant sells and ships its infringing products to customers in this district.  Defendant advertises and promotes its infringing products to purchasers in California and this district through at least shopatwornout.com, which is accessible to residents of this district.  Defendant offers its retail services to consumers in California and this district.  Defendant also has directed its conduct into this district,

COMPLAINT
CASE NO. 2:22-cv-22-07076                                                              - 2 -

including individually targeting Patagonia, a corporation with its principal place of business in this district, by infringing its trademarks and copyrights.

6.      Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and 1400(a) because Defendant infringes Patagonia's intellectual property in this district, transacts business in this district, and a substantial part of the events giving rise to the claims asserted arose in this district.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

**Patagonia's History**

7.      Patagonia was founded in the late 1960s to design and sell climbing clothes and other active sportswear.  The company adopted the brand "WORN WEAR" in 2012 to identify a set of services to help Patagonia's customers partner with Patagonia to take mutual responsibility to extend the life of the products Patagonia makes and customers purchase.  Over the past decade, Patagonia has used the WORN WEAR mark for retail services, informational services about the benefits of extended use, durability, repairability, reusability and repurposing of clothing and gear, repair and trade-in programs, and as the brand of individual apparel products (and other related goods).  *See* https://wornwear.patagonia.com/.

8.      Patagonia's apparel goods and retail and repair services bearing the WORN WEAR mark have received widespread recognition in national trade and consumer publications, and Patagonia's WORN WEAR mark is recognized and relied on by consumers as identifying Patagonia's goods and services and distinguishing them from the goods and services of others.  The WORN WEAR mark has come to symbolize and represent Patagonia's reputation for high-quality apparel and sustainable practices in the apparel industry and the valuable goodwill that Patagonia has built in its brands.

9.      Over the years, Patagonia has been recognized and honored for its business initiatives, including receiving the Sustainable Business Counsel's first "Lifetime Achievement Award."  In 1996, with an increased awareness of the

COMPLAINT
CASE NO. 2:22-cv-22-07076                                                    - 3 -

dangers of pesticide use and synthetic fertilizers used in conventional cotton growing, Patagonia began the exclusive use of organically grown cotton and has continued that use for more than twenty years. It was a founding member of the Fair Labor Association®, which is an independent multi-stakeholder verification and training organization that audits apparel factories. Additionally, since 1985 Patagonia has pledged 1% of sales to environmental groups to preserve and restore our natural environment, donating more than $100 million to date. In 2002, Patagonia's founder, Yvon Chouinard, along with others, created a non-profit called 1% For the Planet® to encourage other businesses to do the same. Today, more than 1,200 member companies have donated more than $150 million to more than 3,300 nonprofits through 1% For the Planet. In 2012, Patagonia became one of California's first registered Benefit Corporations, ensuring Patagonia could codify into its corporate charter consideration of its workers, community, and the environment. In 2016, Patagonia pledged to donate all revenue from sales on Black Friday, donating $10 million to environmental grantees in response to customers' purchases on that day. In 2018, Patagonia pledged an additional $10 million in grants to environmental groups in response to recent tax cuts given to businesses. Over the course of two weeks in December 2019, Patagonia matched another $10 million in donations to environmental and other grassroots organizations.

10. In September 2022, Patagonia's founders and owners donated all voting shares of the company to Patagonia Purpose Trust, an organization created solely to protect the company's mission, i.e., "We're in business to save our home planet." The company's founders also donated all non-voting shares to a 501(c)(4) not-for-profit organization that will advocate for causes and political candidates in addition to making grants and investments in environmental organizations.

**Patagonia's Trademarks**

11. Patagonia owns registered and common law rights for its well-known WORN WEAR mark and below design mark (collectively, the "WORN WEAR"

COMPLAINT
CASE NO. 2:22-cv-22-07076

- 4 -

Marks") for retail services, along with individual apparel products (and other related goods) and its repair and trade-in programs. *See* https://wornwear.patagonia.com/. Among these are the following U.S. trademark registrations and applications:

| Trademark | Reg./App. No. / Reg./App. Date | Classes/Goods | Date of First Use |
|---|---|---|---|
| **WORN WEAR** | Reg. No. 4955520 / May 10, 2016 | 035 Retail store services featuring vintage and used clothing, footwear, luggage, and outdoor gear and accessories | Oct. 07, 2012 |
| | Reg. No. 4623527 / Oct. 21, 2014 | 035 Retail store services featuring vintage and used clothing, footwear, luggage, and outdoor gear and accessories | Oct. 07, 2012 |
| **WORN WEAR** | App. No. 97380428 / Apr. 25, 2022 | 018 Backpacks; All-purpose carrying bags; Duffle bags; Messenger bags; Travel bags<br><br>025 Clothing, namely, tops, bottoms, shirts, jackets, coats, parkas, vests, pullovers, sweaters, sweatshirts, hooded sweatshirts, dresses, skirts, pants, jeans, shorts, board shorts | Sep. 01, 2017 / Oct. 07, 2012 |
| | App. No. 97387380/ Apr. 28, 2022 | 018 Backpacks; All-purpose carrying bags; Duffle bags; Messenger bags; Travel bags<br><br>025 Clothing, namely, tops, bottoms, shirts, jackets, coats, parkas, vests, pullovers, sweaters, sweatshirts, hooded sweatshirts, dresses, skirts, pants, jeans, shorts, board shorts | Sep. 01, 2017 / Oct. 07, 2012 |

The registrations for the WORN WEAR Marks are in full force and effect.  The registrations have become incontestable under 15 U.S.C. § 1065.

12.     The WORN WEAR Marks are distinctive, arbitrary and fanciful, entitled to the broadest scope of protection, and are registered worldwide.

13.     Patagonia has been using its WORN WEAR Marks since at least 2012 – beginning with its popular and celebrated in-store pop-ups – to brand its retail services, along with the individual apparel products (and other related goods) and its repair and trade-in programs.  The image below, taken on October 5, 2012, shows an example of one of Patagonia's early in-store WORN WEAR retail pop-ups, where Patagonia offered vintage and repaired products under the WORN WEAR brand.



After launching its first store in Portland, Oregon, the company soon expanded the program across the country.  Patagonia also uses its WORN WEAR Marks to brand its touring return, repair, and sales program (see https://www.instagram.com/wornwear/).

COMPLAINT
CASE NO. 2:22-cv-22-07076

14.     For many years prior to the events giving rise to this Complaint and continuing to the present, Patagonia annually has spent enormous amounts of time, money, and effort advertising and promoting the products and services in connection with which its WORN WEAR Marks are used.  WORN WEAR brand products and services are advertised in a variety of contexts and media, including in print and on the Internet.  Consumers, accordingly, are exposed to the WORN WEAR Marks in a wide range of shopping and post-sale contexts.

15.     Patagonia has offered and sold its WORN WEAR brand products and services all over the world, including throughout the United States and California.  Through its promotion and investment in its brand and extensive sales, publicity, awards, and leadership in sustainable sourcing practices, Patagonia has acquired enormous goodwill in its WORN WEAR Marks.  The WORN WEAR Marks are recognized around the world and throughout the United States by consumers as signifying high quality products and services offered by a responsible company.

**Defendant's Infringement of Patagonia's Rights**

16.     In disregard of Patagonia's rights in the WORN WEAR Marks – and without authorization from Patagonia – Defendant has promoted, offered for sale, and sold apparel and offered retail services under the WORN OUT

and   WORN OUT   (WO WORN OUT) marks, which inevitably will imply to consumers that Patagonia has endorsed or authorized these products and services.  These marks, and the products and services bearing them, are referred to as Defendant's "Infringing Marks."  Examples of Defendant's use of the Infringing Marks follow:

/ / /

/ / /

/ / /

COMPLAINT
CASE NO. 2:22-cv-22-07076                                                    - 7 -



17.    Defendant also has applied to register the marks



WORN OUT and   (WO WORN OUT) at the United States Patent and Trademark Office (U.S. Application Nos. 90/548,014 and 90/590,855, respectively) (collectively, "Defendant's Applications").

/ / /

COMPLAINT
CASE NO. 2:22-cv-22-07076                                                      - 8 -

18.    The Infringing Marks and Defendant's Applications are confusingly similar to Patagonia's WORN WEAR Marks.  The Infringing Marks prominently use the same first word, WORN, in connection with goods and services that are overlapping with Patagonia's goods and services offered under the WORN WEAR Marks.  The parties' marks are visually and conceptually similar and create the same or very similar commercial impressions.

19.    Defendant's Applications cover goods, namely "clothing, namely, shirts, pants, sweaters and hoodies" and "Retail store services featuring clothing and accessories" that are identical or substantially similar to Patagonia's goods and services offered under the WORN WEAR Marks.

20.    Defendant's use of the Infringing Marks has caused or will cause a likelihood of confusion among consumers regarding the source of Defendant's products and services, and whether Patagonia has sponsored, licensed, authorized, or is somehow affiliated with the Defendant.

21.    Defendant began using the Infringing Marks long after Patagonia began using the WORN WEAR Marks.  Patagonia has no alternative but to protect its goodwill and well-known trademarks by obtaining an injunction against Defendant's further use of the Infringing Marks.

22.    Patagonia is informed and believes that Defendant has marketed and sold substantial quantities of products bearing the Infringing Marks, and has profited and continues to profit from such sales, as well as sales made as a direct result of retail services bearing the Infringing Marks.  Defendant has continued to market and sell its products after Patagonia contacted Defendant to express its concerns about these infringing uses.  There is, accordingly, no doubt that Defendant's conduct has been willful.  Defendants adopted a mark that is highly similar to the WORN WEAR Marks as part of its own branding.  Further, notwithstanding the fact that it adopted the Infringing Marks nearly a decade after Patagonia established rights in its WORN WEAR Marks, Defendant has threatened to oppose Patagonia's most recent

applications to secure registrations for its own marks.

23. Defendant's actions have caused and will cause Patagonia irreparable harm for which money damages and other remedies are inadequate.  Unless Defendant is restrained by this Court, Defendant will continue expanding its illegal activities and otherwise continue to cause irreparable damage and injury to Patagonia by, among other things:

a. Depriving Patagonia of its statutory rights to use and control use of its trademark;

b. Creating a likelihood of confusion, mistake, and deception among consumers and the trade as to the source of the infringing products;

c. Causing the public falsely to associate Patagonia with Defendant and/or its products;

d. Causing the public falsely to believe Patagonia has collaborated with Defendant, entered a co-branding relationship with Defendant, or is otherwise associated with Defendant and/or its products;

e. Causing incalculable and irreparable damage to Patagonia's licensing and collaboration programs, and to Patagonia's ability to control its brand partnerships and to associate itself with entities who are specifically aligned to Patagonia's company mission; and

f. Causing Patagonia to lose sales of its genuine WORN WEAR products and services.

24. Accordingly, in addition to other relief, Patagonia is entitled to injunctive relief against Defendants.

## FIRST CLAIM

## FEDERAL TRADEMARK INFRINGEMENT

### (15 U.S.C. §§ 1114-1117)

25. Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 24 of this Complaint.

26. Defendant has used, in connection with the sale, offering for sale, distribution, or advertising of its products and services bearing the Infringing Marks, words and symbols that infringe upon Patagonia's WORN WEAR Marks.

27. These acts of trademark infringement have been committed with the intent to cause confusion, mistake, or deception, and are in violation of 15 U.S.C. § 1114. Defendant's willfulness is displayed not only in the infringements, but in its decisions to persist in infringements after receiving cease and desist correspondence and a Notice of Opposition from Patagonia.

28. As a direct and proximate result of Defendant's conduct, Patagonia is entitled to recover up to treble the amount of Defendant's unlawful profits and Patagonia's damages and an award of attorneys' fees under 15 U.S.C. § 1117(a).

29. Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) that requires Defendant to stop use of the Infringing Marks, and any other mark or design similar to the WORN WEAR Marks.

**SECOND CLAIM**

**FEDERAL UNFAIR COMPETITION**

**(False Designation of Origin and False Description – 15 U.S.C. § 1125(a))**

30. Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 29 of this Complaint.

31. Defendant's conduct as alleged in this Complaint constitutes the use of symbols or devices tending falsely to describe the infringing products and services, within the meaning of 15 U.S.C. § 1125(a)(1). Defendant's conduct is likely to cause confusion, mistake, or deception by or in the public as to the affiliation, connection, association, origin, sponsorship, or approval of the infringing products and services to the detriment of Patagonia and in violation of 15 U.S.C. § 1125(a)(1).

32. As a direct and proximate result of Defendant's conduct, Patagonia is entitled to recover up to treble the amount of Defendant's unlawful profits and

COMPLAINT
CASE NO. 2:22-cv-22-07076

- 11 -

Patagonia's damages, and an award of attorneys' fees under 15 U.S.C. § 1117(a).

33.    Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) that requires Defendant to stop use of the Infringing Designs, and any other mark or design similar to the WORN WEAR Marks.

## THIRD CLAIM

## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

## UNDER CALIFORNIA STATUTORY LAW

**(Cal. Bus. & Prof. Code §§ 14200 *et seq.*; Cal. Bus. & Prof. Code § 17200 *et seq.*)**

34.    Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 33 of this Complaint.

35.    Patagonia is the owner of numerous registrations for the WORN WEAR Marks, as well as common law rights in those marks.

36.    Defendants are using marks that infringe upon Patagonia's WORN WEAR Marks without the consent of Patagonia and in connection with the sale, offering for sale, distribution, or advertising of its products and services bearing the Infringing Marks.

37.    Defendant's infringement of Patagonia's WORN WEAR Marks is likely to cause confusion, mistake, and deception as to the source of the origin of Defendant's offerings.

38.    Defendants use the Infringing Marks to enhance the commercial value of Defendant's offerings.

39.    Defendant's acts violate Patagonia's trademark rights under California Business & Professions Code §§14245 *et seq.*

40.    Defendant's conduct as alleged in this Complaint also constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of California Business & Professions Code §§ 17200 *et seq.*

COMPLAINT
CASE NO. 2:22-cv-22-07076

- 12 -

41. Patagonia is entitled to monetary damages and injunctive relief prohibiting Defendant from using the Infringing Marks, or any other mark or design that is likely to be confused with the WORN WEAR Marks.

42. Without injunctive relief, Patagonia has no means by which to control the continuing injury to its reputation and goodwill or that of its WORN WEAR Marks. Patagonia has been and will continue to be irreparably harmed. No amount of money damages can adequately compensate Patagonia if it loses the ability to control its marks.

43. Because Defendant's actions have been committed willfully, maliciously, and intentionally, Patagonia is entitled to treble the amount of Defendant's unlawful profits and Patagonia's damages under California Business & Professions Code § 14250.

## FOURTH CLAIM

## TRADEMARK INFRINGEMENT UNDER CALIFORNIA COMMON LAW

44. Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 43 of this Complaint.

45. Patagonia owns valid and protectable rights in its WORN WEAR Marks at common law.

46. Defendant's conduct is likely to cause confusion, to cause mistake, or to deceive as to the source of goods and services offered by Defendant, or as to affiliation, connection, association, sponsorship, or approval of such goods and services, and constitutes infringement of Patagonia's WORN WEAR Marks at common law.

47. Defendants infringed Patagonia's WORN WEAR Marks with knowledge and intent to cause confusion, mistake, or deception.

48. Defendant's conduct is aggravated by that kind of willfulness, wantonness, malice, and conscious indifference to the rights and welfare of Patagonia for which California law allows the imposition of exemplary damages.

COMPLAINT
CASE NO. 2:22-cv-22-07076

- 13 -

49.     As a direct and proximate result of Defendant's activities, Patagonia has suffered substantial damage.

50.     Unless restrained and enjoined, the conduct of Defendant will further impair the value of the WORN WEAR Marks and Patagonia's business reputation and goodwill.  Patagonia has no adequate remedy at law.

51.     Patagonia is entitled to monetary damages and injunctive relief prohibiting Defendant from using the Infringing Marks, and any other mark or design similar to the WORN WEAR Marks.

52.     Without injunctive relief, Patagonia has no means by which to control the continuing injury to its reputation and goodwill or that of its WORN WEAR Marks.  Patagonia has been and will continue to be irreparably harmed.  No amount of money damages can adequately compensate Patagonia if it loses the ability to control its marks.

53.     Because Defendant's actions have been committed willfully, maliciously, and intentionally, Patagonia is entitled to recover reasonable attorneys' fees and compensatory and punitive damages.

## PRAYER FOR JUDGMENT

WHEREFORE, Patagonia prays that this Court grant it the following relief:

1.     Adjudge that Defendant has infringed the WORN WEAR Marks in violation of Patagonia's rights under 15 U.S.C. § 1114;

2.     Adjudge that Defendant has infringed the WORN WEAR Marks in violation of California statutory law;

3.     Adjudge that Defendant has infringed Patagonia's common law rights in the WORN WEAR Marks;

4.     Adjudge that Defendant has competed unfairly with Patagonia in violation of Patagonia's rights under 15 U.S.C. § 1125(a);

5.     Adjudge that Defendant has competed unfairly with Patagonia in violation of California statutory law;

COMPLAINT
CASE NO. 2:22-cv-22-07076

- 14 -

6. Adjudge that Defendant and its agents, employees, attorneys, successors, assigns, affiliates, and joint venturers, and any person(s) in active concert or participation with it, and/or any person(s) acting for, with, by, through or under it, be enjoined and restrained at first during the pendency of this action and thereafter permanently from:

a. Manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising, or promoting any goods or services that display any words or symbols that so resemble the WORN WEAR Marks as to be likely to cause confusion, mistake, or deception, on or in connection with any product that is not authorized by or for Patagonia, including, without limitation, any product or service that bears the Infringing Marks, or any other approximation of Patagonia's trademarks;

b. Using any word, term, name, symbol, device, or combination that causes or is likely to cause confusion, mistake, or deception as to the affiliation or association of Defendant or its products with Patagonia, or as to the origin of Defendant's goods and services, or any false designation of origin, false or misleading description or representation of fact, or any false or misleading advertising;

c. Further infringing the rights of Patagonia in and to its WORN WEAR Marks, or otherwise damaging Patagonia's goodwill or business reputation;

d. Otherwise competing unfairly with Patagonia in any manner; and

e. Continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint;

7. Order that registration of U.S. Application Nos. 90/548,014 and 90/590,855 must be refused, and address its certified order to the USPTO, Office of the Solicitor, Mail Stop 8, Director of the USPTO, P.O. Box 1450, Alexandria, Virginia 22313;

/ / /

COMPLAINT
CASE NO. 2:22-cv-22-07076

- 15 -

8.      Adjudge that Defendant is prohibited from applying to register any other trademark or service mark which is likely to be confused with Patagonia's WORN WEAR Marks;

9.      Adjudge that Defendant be required immediately to supply Patagonia's counsel with a complete list of individuals and entities from whom or which it purchased, and to whom or which it sold, offered for sale, distributed, advertised or promoted, infringing products and services as alleged in this Complaint;

10.     Adjudge that Defendant be required immediately to deliver to Patagonia's counsel its entire inventory of infringing products, including without limitation, patches and any other products, packaging, labeling, advertising and promotional material, and all plates, patterns, molds, matrices, files, data, and other material for producing or printing such items, that are in its possession or subject to its control and that infringe Patagonia's trademarks as alleged in this Complaint;

11.     Adjudge that Defendant, within thirty (30) days after service of the Court's judgment, be required to file with this Court and serve upon Patagonia's counsel a written report under oath setting forth in detail the manner in which it has complied with the judgment;

12.     Adjudge that Patagonia recover from Defendant its damages and lost profits, and Defendant's profits in an amount to be proven at trial;

13.     Adjudge that Defendant be required to account for any profits that are attributable to its illegal acts, and that Patagonia be awarded (1) Defendant's profits and (2) all damages sustained by Patagonia, under 15 U.S.C. § 1117, plus prejudgment interest;

14.     Adjudge that the amounts awarded to Patagonia pursuant to 15 U.S.C. § 1117 shall be trebled;

15.     Order an accounting of and impose a constructive trust on all of Defendant's funds and assets that arise out of its infringing activities;

/ / /

16.     Adjudge that Patagonia be awarded its costs and disbursements incurred in connection with this action, including Patagonia's reasonable attorneys' fees and investigative expenses; and

17.     Adjudge that all such other relief be awarded to Patagonia as this Court deems just and proper.

DATED: September 29, 2022          Respectfully submitted,

VERSO LAW GROUP LLP


By:     */s/ Ryan Bricker*
        GREGORY S. GILCHRIST
        LUISA BONACHEA
        RYAN BRICKER
        PAYMANEH PARHAMI

Attorneys for Plaintiff
PATAGONIA, INC.

COMPLAINT
CASE NO. 2:22-cv-22-07076                                              - 17 -

## DEMAND FOR JURY TRIAL

Patagonia, Inc. demands that this action be tried to a jury.

DATED:  September 29, 2022           Respectfully submitted,

VERSO LAW GROUP LLP


By:     */s/ Ryan Bricker*
        GREGORY S. GILCHRIST
        LUISA BONACHEA
        RYAN BRICKER
        PAYMANEH PARHAMI

Attorneys for Plaintiff
PATAGONIA, INC.

COMPLAINT
CASE NO. 2:22-cv-22-07076                                        - 18 -