JOHN K. LY (SBN 247477)
Email: jly@lianglyllp.com
LIANG LY LLP
601 South Figueroa Street
Suite 1950
Los Angeles, California 90017
Telephone:  (213) 262-8000
Facsimile:   (213) 335-7776

Ben Natter (*pro hac vice* forthcoming)
Email:bnatter@haugpartners.com
Michael Barer (*pro hac vice* forthcoming)
Email:mbarer@haugpartners.com
HAUG PARTNERS LLP
745 Fifth Avenue, 10th Floor
New York, NY 10151
Tel: (212) 588-0800
Fax: (212) 588-0801

*Attorneys for Defendant Worn Out, LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| Patagonia, Inc., | CASE NO. 2:22-cv-07076-JAK-E |
| Plaintiff, | Hon. John A. Kronstadt |
| vs. | **WORN OUT, LLC'S MOTION TO DISMISS** |
| Worn Out, LLC, | Date:  January 30, 2023 |
| Defendant. | Time: 8:30 a.m. |
| | Ctr.:    10B |
| | Complaint Filed:  September 29, 2022 |

LIANG LY LLP
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
213.262.8000 (Telephone) I 213.335.7776 (Facsimile)

LIANG LY LLP
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
213.262.8000 (Telephone) | 213.335.7776 (Facsimile)

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, on January 30, 2023 at 8:30 a.m., or as soon thereafter as the matter may be heard, at the Edward R. Roybal Federal Building and United States Courthouse, 255 East Temple Street, Los Angeles, CA 90012-3332, Defendant Worn Out, LLC ("Worn Out") will move for an order dismissing the Complaint, ECF 1, for Lack of Personal Jurisdiction and Failure to State a Claim Upon Which Relief Can Be Granted.

The parties met and conferred on the enclosed motion on November 2, 2022 in accordance with L.R. 7-3.

This Motion is based on this Notice of Motion and Motion, the concurrently filed memorandum of points and authorities, the Declaration of Eli Silverman, the court filings in the case docket, and any additional matters the Court may consider at the hearing of this matter, if such a hearing is held.

DATED:  November 9, 2022    Respectfully Submitted,
LIANG LY LLP

By:  /s/ John K. Ly
John K. Ly
*Attorneys for Defendant Worn Out, LLC*

1
DEFENDANT WORN OUT LLC'S MOTION TO DISMISS

LIANG LY LLP
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
213.262.8000 (Telephone) | 213.335.7776 (Facsimile)

# **TABLE OF CONTENTS**

I.    INTRODUCTION ........................................................................................1

II.   FACTS AND RELEVANT PROCEDURAL BACKGROUND ...............1

      A.   Defendant's Nonexistent Use of the Term Worn Out .......................1

      B.   Prior Proceedings in Front of the Trademark Trial and
           Appeal Board ....................................................................................2

      C.   Defendant's Nonexistent Contacts With California ........................3

III.  ARGUMENT ............................................................................................4

      A.   This Court Should Dismiss for Lack of Personal Jurisdiction ..........4

           1.   Standard ...................................................................................4

           2.   No Purposeful Direction .........................................................5

           3.   Defendant Has No Forum-Related Activities ........................8

           4.   Exercising Jurisdiction Is Not Reasonable ............................8

      B.   This Court Should Dismiss for Improper Venue ............................11

      C.   Defendant Has Not Made Commercial Use of The Term
           Worn Out.........................................................................................12

           1.   Registration of a Domain Name is Not Commercial Use .....12

           2.   One Shipment in California is Not Commercial Use
                Under the Lanham Act .........................................................13

           3.   Plaintiff's State Law Claims Must Be Dismissed ................15

IV.   CONCLUSION ........................................................................................16

i

# <u>TABLE OF AUTHORITIES</u>

## <u>CASES</u>

*Academy of Motion Picture Arts & Sciences v. Network Solutions, Inc.*,
   989 F.Supp. 1276, 1997 WL 810472 (C.D.Cal. Dec.22, 1997)........................12

*Adobe Sys. v. Cardinal Camera & Video Ctr., Inc.*,
   No. 15-cv-02991-JST, 2015 U.S. Dist. LEXIS 137153, at *3
   (N.D. Cal. Oct. 7, 2015) ...........................................................................6

*Am. Auto. Ass'n of N. California, Nevada & Utah v. Gen. Motors LLC*,
   367 F. Supp. 3d 1072, 1090 (N.D. Cal. 2019) ............................................13, 14

*AMA Multimedia, LLC v. Wanat*,
   970 F.3d 1201, 1207 (9th Cir. 2020)...........................................................4, 5

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
   874 F.3d 1064, 1069 (9th Cir. 2017)...........................................................5, 8

*Bosley Med. Inst., Inc. v. Kremer*,
   403 F.3d 672, 676 (9th Cir. 2005)................................................................12

*chwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797, 802 (9th Cir. 2004)................................................................5

*Cleary v. News Corp.*,
   30 F.3d 1255, 1263–64 (9th Cir. 1995)........................................................15

*Dep't of Parks & Recreation for State of California v. Bazaar Del Mundo Inc.*,
   448 F.3d 1118, 1126 (9th Cir. 2006)............................................................14

*E. & J. Gallo Winery v. Gallo Cattle Co.*,
   1989 WL 159628, at *3 (E.D. Cal. Jun. 19, 1989) .........................................13

*Elliot v. Cessna Aircraft Co.*,
   No. 8:20-cv00378-SB (ADSx), 2021 WL 2153820, at *3 (C.D. Cal. May 25,
   2021).....................................................................................................6

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*,
   209 L. Ed. 2d 225, 141 S. Ct. 1017, 1024 (2021) .........................................4

*Gameologist Grp., LLC v. Sci. Games Int'l, Inc.*,
   838 F. Supp. 2d 141, 155 (S.D.N.Y. 2011).....................................................14

*Graco Minn. Inc. v. PF Brands, Inc.*,
   No. 18-cv-1690-WQH-AGS, 2019 U.S. Dist. LEXIS 66611, at *18 (S.D. Cal.
   Apr. 17, 2019) ........................................................................................6

**LIANG LY LLP**
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
213.262.8000 (Telephone) | 213.335.7776 (Facsimile)

ii

*Growler Station, Inc. v. Foundry Growler Station, LLC*,
 No. SACV180433DOCDFMX, 2018 WL 6164301, at *9 (C.D. Cal. July 19,
 2018)......................................................................................................................15

*Hancock Park Homeowners Ass'n Est. 1948 v. Hancock Park Home Owners
 Ass'n*, No. CV 06-4584 SVW, 2006 WL 4532986, at *3 (C.D. Cal. Sept. 20,
 2006)...........................................................................................................12, 14

*Imageline, Inc. v. Hendricks*,
 No. CV 09-1870 DSF AGRX, 2009 WL 10286181, at *5 (C.D. Cal. Aug. 12,
 2009)....................................................................................................................9, 10

*Lockheed Martin Corp. v. Network Solutions, Inc.*,
 985 F.Supp. 949 (C.D.Cal.1997) ......................................................................13

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
 647 F.3d 1218, 1223 (9th Cir. 2011)...................................................................4

*MGA Ent., Inc. v. Cabo Concepts Ltd.*,
 No. CV2010170FMOJPRX, 2021 WL 4733784, at *4 (C.D. Cal. June 7, 2021)
 ..............................................................................................................................6

*Momentum Luggage & Leisure Bags v. Jansport, Inc.*,
 No. 00 Civ. 7909, 2001 WL 830667, at *6 (S.D.N.Y. July 23, 2001) ............14

*Morrill v. Scott Financial Corp.*,
 873 F.3d 1136, 1142 (9th Cir. 2017)...................................................................5

*Panavision Int'l, L.P. v. Toeppen*,
 141 F.3d 1316, 1324 (9th Cir. 1998)..................................................................10

*Panavision International, L.P. v. Toeppen*,
 945 F.Supp. 1296, 1303 (C.D.Cal.1996) ..........................................................12

*Sarieddine v. Alien Visions E-Juice, Inc.*,
 No. CV 18-3658 PA (MAAX), 2019 WL 1966661, at *5 (C.D. Cal. Apr. 12,
 2019)....................................................................................................................12

*Sarieddine v. Alien Visions E-Juice, Inc.*,
 No. CV 18-3658 PA (MAAX), 2019 WL 1966661, at *6 (C.D. Cal. Apr. 12,
 2019)....................................................................................................................13

*Sebastian Brown Prods. LLC v. Muzooka Inc.*,
 15-CV-1720-LHK, 2016 WL 5910817, at *9 (N.D. Cal. Oct. 11, 2016).........13

*Spy Optic, Inc. v. AreaTrend, LLC*,
 843 F. App'x 66, 68 (9th Cir. 2021) .............................................................6, 8

*Terracom v. Valley Nat. Bank*,
 49 F.3d 555, 561 (9th Cir. 1995)...........................................................................8

LIANG LY LLP
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
213.262.8000 (Telephone) | 213.335.7776 (Facsimile)

iii

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LIANG LY LLP
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
213.262.8000 (Telephone) | 213.335.7776 (Facsimile)

*Walden v. Fiore*,
   571 U.S. 277, 285, 134 S.Ct. 1115, 1122 (2014)............................................5, 8

*Ziegler v. Indian River Cnty.*,
   64 F.3d 470, 474–75 (9th Cir. 1995).............................................................9, 11

*Zumba Fitness, LLC v. Brage*,
   No. CV 11-5361-GHK CWX, 2011 WL 4732812, at *4 (C.D. Cal. Oct. 6, 2011)...............................................................................................................9

**<u>STATUTES</u>**

28 U.S.C. § 1391(b)............................................................................................11

Cal. Bus. Prof. Code § 17200 ............................................................................15

iv

# I.   **INTRODUCTION**

The Complaint filed by Patagonia, Inc. ("Patagonia" or "Plaintiff") is premature and makes no serious attempt to demonstrate that this Court has personal jurisdiction over Worn Out, LLC ("Worn Out" or "Defendant") - a Florida limited liability company with its principal place of business in Miami. Instead, Plaintiff rests its jurisdictional allegations upon: (i) a conclusory allegation that Defendant violated the Lanham Act and the California Business and Professions Code through its use of the term "Worn Out"; (ii) a barebones assertion that Defendant advertised goods through a website "accessible" in California; and (iii) an allegation that Defendant sold allegedly infringing products to customers in California by way of the internet. Complaint ¶ 5.

These allegations—alone or in combination—do not establish personal jurisdiction, as Defendant lacks minimum contacts with California to justify haling Defendant into this Court.

In addition, even if this Court found that Defendant has sufficient minimum contacts with California (which it does not), the Complaint does not sufficiently allege commercial use of the term "Worn Out" to constitute trademark use. Accordingly, the Complaint must be dismissed.

# II.   **FACTS AND RELEVANT PROCEDURAL BACKGROUND**

## A.   **Defendant's Nonexistent Use of the Term Worn Out**

Defendant is a street wear company which was established in 2021. Silverman Dec. ¶ 3. Since starting operations, Defendant has made only 80 sales of products through its website, https://shopatwornout.com/, 71 of which were in the state of Florida. *Id*. ¶¶ 18-20. Of the 9 remaining sales, only one single shipment was sent to California (a single sweatshirt). *Id*.

Defendant uses its house mark, WO (and design)      as an indicator of source for its goods. *Id*. ¶ 21. The term "Worn Out" appears only in limited

**LIANG LY LLP**
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
213.262.8000 (Telephone) | 213.335.7776 (Facsimile)

DEFENDANT WORN OUT LLC'S MOTION TO DISMISS

placement on Defendant's website and on certain interior plastic wrapping, always in close proximity to Defendant's WO (and design) mark. *Id*. ¶ 22.

Defendant filed two trademark applications, both based on a bona fide intent to commence use in the future, and not based on current use. On February 25, 2021, Defendant filed Application Serial No. 90/548,014 at the United States Patent and Trademark Office (the "USPTO") for the registration of the term Worn Out on the basis of a bona fide intent to use. Complaint ¶ 17. Defendant also filed Application Serial No. 90/590,855 for Wo Worn Out (and design) on March 19, 2021, also on the basis of a bona fide intent to use. (collectively "Defendant's USPTO Applications"). *Id*. Defendant has not yet filed an allegation of use with the USPTO for either application in view of the fact that the marks of the applications are not yet in use.

**B.     Prior Proceedings in Front of the Trademark Trial and Appeal Board**

On August 17, 2022, Plaintiff filed Opposition No. 91278038 with the Trademark Trial and Appeal Board (the "TTAB") opposing Defendant's USPTO Applications. As grounds for its claim, Plaintiff pleaded Registration No. 4,955,520 for WORN WEAR and Registration No. 4,623,527 for WORN WEAR (and design)  (the "Patagonia Registrations"), both of which have serious

deficiencies, rending them vulnerable to cancellation.[1]

On September 19, 2022, Defendant commenced Cancellation No. 92080583 petitioning the TTAB to cancel the Patagonia Registrations. Thereafter, Defendant moved to stay Opposition No. 91278038 pending the result of Cancellation No. 92080583, since the outcome of the cancellation proceeding would materially impact the claims asserted in the prior filed opposition.

---

[1] The Patagonia Registrations are registered in international class 35 for retail store services and do not give the same commercial impression as any purported use of the term Worn Out by Defendant in connection with goods.

DEFENDANT WORN OUT LLC'S MOTION TO DISMISS

LIANG LY LLP
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
213.262.8000 (Telephone) | 213.335.7776 (Facsimile)

Just ten days later, Plaintiff filed this lawsuit in the Central District of California (the "District Court Action"). *See* Complaint.

## C.   Defendant's Nonexistent Contacts With California

Defendant is a Florida limited liability company, with its principal place of business located in Miami. Silverman Dec. ¶ 3. Defendant has no registered branch, company office, physical address, or corporate files anywhere in California. *Id*. ¶¶ 4, 7. Defendant has no officers, directors, or employees who reside or maintain a place of business anywhere in California. *Id*. ¶ 5. Defendant also does not employ any sales representatives in California. *Id*. ¶ 6. Nor does Defendant maintain a telephone listing or a bank account anywhere in California. *Id*. ¶¶ 9-10. Defendant neither owns nor operates any manufacturing plants in California, and owns no real estate in California. *Id*. ¶¶ 11-12. Defendant does not maintain a mailing list or membership club for California residents. *Id*. ¶ 16. Moreover, Defendant has no registered agent for service of process anywhere in California. *Id*. ¶ 13. Nor does Defendant purchase goods from any vendors in California. *Id*. ¶ 17.

To date, Defendant has shipped only **one** sweatshirt in California and no advertising is aimed specifically at California residents. *Id*. ¶¶ 15, 19. During the parties' pre-motion meet and confer, Plaintiff, which is located in California, alleged that it had conducted a test purchase of a product from Defendant. Accordingly, by Plaintiff's own admission, the single shipment in California was not to a consumer, but rather was a test purchase by Plaintiff's own agents.

LIANG LY LLP
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
213.262.8000 (Telephone) I 213.335.7776 (Facsimile)

LIANG LY LLP
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
213.262.8000 (Telephone) | 213.335.7776 (Facsimile)

### III.   ARGUMENT

**A.   This Court Should Dismiss for Lack of Personal Jurisdiction**

**1.   Standard**

The Complaint must be dismissed because the Court does not have specific jurisdiction over Defendant.[2] "[Plaintiff] 'bears the burden of establishing that jurisdiction is proper.'" *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1207 (9th Cir. 2020) (quoting *Mavrix Photo, Inc. v. Brand Techs., Inc*., 647 F.3d 1218, 1223 (9th Cir. 2011)). Where, as here, there has been no evidentiary hearing, Plaintiff must "make a prima facie showing of jurisdictional facts to withstand dismissal." *Id*. Because California's long-arm statute is coextensive with due process, only a due-process analysis is necessary here. *See Mavrix*, 647 F.3d at 1223.

The Ninth Circuit employs a three-part test to assess whether a defendant has sufficient contacts with the forum state to be subject to specific jurisdiction:

> (1) [t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable.

---

[2] Plaintiff makes no allegation that Defendant is subject to general personal jurisdiction in California, and for good reason: Defendant is a Florida limited liability company with its principal place of business in Miami, and has no physical presence in California. Accordingly, Defendant cannot be deemed "essentially at home" in California. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct*., 209 L. Ed. 2d 225, 141 S. Ct. 1017, 1024 (2021).

*Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d 797, 802 (9th Cir. 2004). Plaintiff bears the burden of satisfying the first two prongs of this test. *Id*. If the plaintiff satisfies its burden, the burden then shifts to the defendant to make "a compelling case that the exercise of jurisdiction would not be reasonable." *Id*.

### 2.    No Purposeful Direction

With respect to the first prong, in cases—such as this one—where the claims "sound in tort," this Court "appl[ies] a 'purposeful direction' analysis." *AMA Multimedia*, 970 F.3d at 1208 (citing *Axiom Foods, Inc. v. Acerchem Int'l, Inc*., 874 F.3d 1064, 1069 (9th Cir. 2017). The purposeful direction test "requires that the defendant ... have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Morrill v. Scott Financial Corp*., 873 F.3d 1136, 1142 (9th Cir. 2017) (alterations in original).

The court's analysis "looks to the defendant's contacts **with the forum State itself**, not the defendant's contacts with persons who reside there." *Walden v. Fiore*, 571 U.S. 277, 285, 134 S.Ct. 1115, 1122 (2014) (emphasis added). "[T]he plaintiff cannot be the only link between the defendant and the forum." *Id*. Thus, a defendant's "knowledge of the plaintiffs' strong forum connections" combined with foreseeable harm in the forum is insufficient by itself to confer personal jurisdiction. *Axiom Foods, Inc. v. Acerchem Int'l, Inc*., 874 F.3d 1064, 1069-70 (9th Cir. 2017) (quoting *Walden*, 571 U.S. at 286) (alteration and quotations omitted).

Here, Defendant's shipment of a single product in California through a nationally accessible website does not satisfy the purposeful direction test as Defendant did not aim any acts at California or attempt to exploit the California market in particular. As courts in this district have long held, nominal sales online through a website do not show that a defendant targeted California. *See, e.g., MGA*

LIANG LY LLP
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
213.262.8000 (Telephone) | 213.335.7776 (Facsimile)

DEFENDANT WORN OUT LLC'S MOTION TO DISMISS

*Ent., Inc. v. Cabo Concepts Ltd*., No. CV2010170FMOJPRX, 2021 WL 4733784, at *4 (C.D. Cal. June 7, 2021) (no personal jurisdiction over defendant who sold one allegedly infringing item through a nationally accessible website); *Graco Minn. Inc. v. PF Brands, Inc*., No. 18-cv-1690-WQH-AGS, 2019 U.S. Dist. LEXIS 66611, at *18 (S.D. Cal. Apr. 17, 2019) (no personal jurisdiction over defendant who sold infringing products nationally through its own website, ebay.com and amazon.com where California was not the "focal point" of the claims or alleged harm in the case); *Adobe Sys. v. Cardinal Camera & Video Ctr., Inc*., No. 15-cv-02991-JST, 2015 U.S. Dist. LEXIS 137153, at *3 (N.D. Cal. Oct. 7, 2015) (no personal jurisdiction where 12% of defendant's total online sales were shipped to California); *Elliot v. Cessna Aircraft Co*., No. 8:20-cv00378-SB (ADSx), 2021 WL 2153820, at *3 (C.D. Cal. May 25, 2021) (finding that Cessna's less than 1% total sales in California was insufficient to conclude that Cessna purposefully directed its activity at California, and recognizing that *AMA Multimedia* had "found that 20% of the defendant's sales in the forum was not enough to subject the business to personal jurisdiction").

*Spy Optic, Inc. v. AreaTrend, LLC*, 843 F. App'x 66, 68 (9th Cir. 2021) is instructive. There, the defendant was a limited liability company operating an online store based in Ohio that was accused of selling infringing goods on the internet. *Id*. at 67. The plaintiff asserted that the defendant targeted California when it sold allegedly infringing products online. *Id*. However, the Ninth Circuit held that the defendant's mere operation of "a universally accessible website alone cannot satisfy the express aiming prong." *Id*. The Ninth Circuit explained:

> [A] plaintiff must also show that the website directly targeted the forum. A defendant directly targets a forum when its website appeals to, and profits from, an audience in that state. The evidence and allegations here show the opposite. [The defendant] is not

LIANG LY LLP
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
213.262.8000 (Telephone) 213.335.7776 (Facsimile)

LIANG LY LLP
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
213.262.8000 (Telephone) | 213.335.7776 (Facsimile)

registered to do business in California; it does not advertise or market its products in California; and it does not maintain a mailing list, membership club, or other ongoing relationship with California customers. Indeed, the only connection between [the defendant's] website and infringing activities in California is that 0.0018% of [the defendant's]  sales are [allegedly infringing] products to California. That's not enough to show that [the defendant]  had a California-specific focus. So we cannot find that [the defendant] targeted California.

*Id*. at 68 (internal citations and quotations omitted).

The same reasoning applies here. Defendant is (1) not registered to do business in California, (2) does not advertise or market its products in California, (3) does not maintain a mailing list or membership club for California residents, (4) has no company office, physical address, or corporate files anywhere in California, (5) has no officers, directors, or employees who reside anywhere or maintain a place of business in California, (6) does not employ any sales representatives in California, (7) does not maintain a telephone listing or a bank account anywhere in California, (8) neither owns nor operates any manufacturing plants in California, (9) owns no real estate in California, and (10) does not purchase any goods from vendors in California. Silverman Dec. ¶¶ 4-21.

Indeed, to date, Defendant has shipped only **one** sweatshirt in California and no advertising is aimed specifically at California residents. *Id*. ¶¶ 15, 19. Further, during the parties' pre-motion meet and confer, Plaintiff, which is located in California, alleged that it had conducted a test purchase of a product from Defendant. Accordingly, by Plaintiff's own admission, the single shipment in California was very likely Plaintiff's own test purchase and not a commercial sale to a consumer.

7

LIANG LY LLP
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
213.262.8000 (Telephone) | 213.335.7776 (Facsimile)

Plaintiff fares no better in the next prong of the purposeful direction test – knowingly causing harm likely to be suffered in California. Plaintiff asserts that Defendant "directed its conduct into this district" by "individually targeting" Plaintiff which maintains its principal place of business in California. Complaint ¶ 5. However, "a defendant's knowledge that the plaintiff resides in the forum state, 'will not, on its own, support the exercise of specific jurisdiction.'" *Spy Optic*, 843 F. App'x at 69.  (9th Cir. 2021) (quoting *Axiom Foods*, 874 F.3d at 1069–70; *see also Walden*, 571 U.S. at 289, 134 S.Ct. 1115).

Since Defendant never specifically targeted any California residents, it did not expressly aim any activities at California. For that reason, Defendant does not have minimum contacts with California and exercising personal jurisdiction over Defendant would not comport with due process.

### 3.   Defendant Has No Forum-Related Activities

To meet the second prong of the specific personal jurisdiction test, Plaintiff's claims must have arisen out of Defendant's forum-related activities. In other words, Plaintiff's  claims would not exist "but for" Defendant's California contacts. *Terracom v. Valley Nat. Bank*, 49 F.3d 555, 561 (9th Cir. 1995).

Plaintiff cannot satisfy this test because there are no allegations that Plaintiff's claims arise from acts performed by Defendant in California. Because Plaintiff only alleges that Defendant engaged in nationwide sales that allegedly infringe its trademarks, Plaintiff's trademark claims would exist regardless of whether or not Defendant had any sales in or other contacts with California. There is no "but for" causation here and Plaintiff cannot satisfy the second prong of the specific personal jurisdiction analysis.

### 4.   Exercising Jurisdiction Is Not Reasonable

Even if the first two prongs are satisfied (which they are not), an unreasonable exercise of jurisdiction violates the Due Process Clause. *Ziegler v.*

DEFENDANT WORN OUT LLC'S MOTION TO DISMISS

*Indian River Cnty.*, 64 F.3d 470, 474–75 (9th Cir. 1995). In evaluating reasonableness, the Ninth Circuit considers:

    (1) the extent of the defendant's purposeful injection into the forum;

    (2) the defendant's burdens from litigating in the forum;

    (3) the extent of conflict with the sovereignty of the defendant's state;

    (4) the forum state's interest in adjudicating the dispute;

    (5) the most efficient judicial resolution of the controversy;

    (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and

    (7) the existence of an alternative forum.

*Id*. All seven factors must be weighed and none is dispositive. *Id*. Here, exercising personal jurisdiction over Defendant in California would be unreasonable because each factor weighs in favor of unreasonableness or is neutral.

**First**, even if there is sufficient interjection into the state to satisfy the purposeful direction prong, the degree of interjection is a factor to be weighed in assessing the overall reasonableness of jurisdiction. *Id*. (internal quotations omitted). Here, Defendant sold one single sweatshirt in California. Silverman Dec. ¶¶ 18-20. Such a slight interjection into California's affairs has routinely held to be insufficient for a reasonable exercise of jurisdiction. *See Imageline, Inc. v. Hendricks*, No. CV 09-1870 DSF AGRX, 2009 WL 10286181, at *5 (C.D. Cal. Aug. 12, 2009); *Zumba Fitness, LLC v. Brage*, No. CV 11-5361-GHK CWX, 2011 WL 4732812, at *4 (C.D. Cal. Oct. 6, 2011).

**Second**, the burden on Defendant to defend itself in California would be substantial and unfair. Defendant is based in Florida and has no locations or presence in California whatsoever. Silverman Dec. ¶¶ 4-20. Further, no officers, directors, or employees of Defendant reside in or maintain a place of business in California, and would have to travel to California to defend this action. *Id*. at ¶ 5.

LIANG LY LLP
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
213.262.8000 (Telephone) I 213.335.7776 (Facsimile)

DEFENDANT WORN OUT LLC'S MOTION TO DISMISS

LIANG LY LLP
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
213.262.8000 (Telephone) | 213.335.7776 (Facsimile)

On the other hand, litigating this case in another state would present little burden for Plaintiff as it is an international corporation which just happens to have its headquarters in this district and brags that it generated $10 million in sales in a single day (albeit, not specifically in connection with the marks it pleads in this litigation).[3] Complaint ¶ 9. Thus, this factor favors Defendant. *See Imageline, Inc. v. Hendricks*, No. CV 09-1870 DSF AGRX, 2009 WL 10286181, at *5 (C.D. Cal. Aug. 12, 2009).

**Third**, there is no conflict with the sovereignty of another state. Plaintiff's Complaint states claims based on trademark law which is covered under federal law. Accordingly, this factor is neutral.

**Fourth**, California has minimal interest in adjudicating a dispute where, as here, the defendant is a large corporation and the claim is based on a singular *de minimis* shipment. Accordingly, this factor favors Defendant.

**Fifth**, the most efficient judicial resolution of Plaintiff's claims would be in Florida. All of the relevant evidence and Defendant's witnesses are located in Florida. Further, given Plaintiff's national presence, the burden of litigating in Florida would be minimal. Accordingly, this factor favors Defendant.

**Sixth**, the importance of the forum to Plaintiff's interest in convenient and effective relief is slight. "In evaluating the convenience and effectiveness of relief for the plaintiff, [the Ninth Circuit has] given little weight to the plaintiff's inconvenience." *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1324 (9th Cir. 1998) (internal citations omitted).

Plaintiff can obtain the same effective judicial relief in Florida as it could in California. Florida is also clearly more convenient for Defendant. Since the

---

[3] In contrast, Defendant was recently created by two childhood friends with an interest in clothing design, and has almost no sales. In view of the premature filing of this action, it appears Plaintiff's primary goal is merely to bully Defendant until it goes out of business.

DEFENDANT WORN OUT LLC'S MOTION TO DISMISS

available effective remedies are the same in both forums, this factor favors Defendant.

**Seventh**, "[t]he plaintiff bears the burden of proving the unavailability of an alternative forum." *Ziegler*, 64 F.3d at 476. Florida is an alternate forum and would have personal jurisdiction over Defendant. The same interests of judicial efficiency and party and witness convenience that support transferring this lawsuit to Florida mean that Florida is not just an "alternate" forum. It is the superior forum. Accordingly, this factor favors Defendant.

Given the above, exercising jurisdiction in this district would be unreasonable and violate the Due Process Clause. Thus, Plaintiff cannot satisfy any of the three prongs of the specific personal jurisdiction and this matter must be dismissed.[4]

## B. This Court Should Dismiss for Improper Venue

Even if the Court could exercise specific personal jurisdiction in this district, this case must be dismissed due to improper venue. 28 U.S.C. § 1391(b) provides that "a civil action may be brought in (1) a judicial district in which any defendant resides... (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred...(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

Venue is improper because all three statutory factors are missing - (1) No defendant resides in this district or this state; (2) a substantial part of the events giving rise to this claim occurred in Florida and did not occur in this district or this state as there is only a single internet shipment to (presumably) Plaintiff's

---

[4] Ironically, Plaintiff chose to file this premature Complaint in an effort to remove this matter from the TTAB which is comprised of Administrative Trademark Judges with decades of experience deciding identical issues to those presented here.

investigator; and (3) Florida is an alternative forum where Defendant is subject to personal jurisdiction. Thus, this matter should be dismissed.

## C. Defendant Has Not Made Commercial Use of The Term Worn Out

Even if this Court finds that it could exercise personal jurisdiction over Defendant and venue is proper, Plaintiff's Complaint must still be dismissed because Defendant has not made commercial use of the term Worn Out in commerce.

"Infringement claims are subject to a commercial use requirement." *Bosley Med. Inst., Inc. v. Kremer*, 403 F.3d 672, 676 (9th Cir. 2005). This requirement applies to "the Lanham Act generally, and not to any specific provisions. *Hancock Park Homeowners Ass'n Est. 1948 v. Hancock Park Home Owners Ass'n*, No. CV 06-4584 SVW, 2006 WL 4532986, at *4 (C.D. Cal. Sept. 20, 2006). Accordingly, to state a claim under either § 1125(a) or § 1114 of the Lanham Act Plaintiff must plead that Defendant made commercial use of the term Worn Out.

The Ninth Circuit determines commercial use by applying the "totality of the circumstances." *Sarieddine v. Alien Visions E-Juice, Inc*., No. CV 18-3658 PA (MAAX), 2019 WL 1966661, at *5 (C.D. Cal. Apr. 12, 2019). "Evidence of actual sales, or lack thereof, is not dispositive in determining whether a party has established use in commerce within the meaning of the Lanham Act. *Id*. (internal quotations omitted).

### 1. Registration of a Domain Name is Not Commercial Use

Registration of a domain name does not constitute a commercial use. *See Panavision International, L.P. v. Toeppen*, 945 F.Supp. 1296, 1303 (C.D.Cal.1996) ("Registration of a trade[mark] as a domain name, without more, is not a commercial use of the trademark and therefore is not within the prohibitions of the Act."); *Academy of Motion Picture Arts & Sciences v. Network Solutions, Inc*., 989 F.Supp. 1276, 1997 WL 810472 (C.D.Cal. Dec.22, 1997) (the

LIANG LY LLP
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
213.262.8000 (Telephone) | 213.335.7776 (Facsimile)

DEFENDANT WORN OUT LLC'S MOTION TO DISMISS

mere registration of a domain name does not constitute a commercial use); *Lockheed Martin Corp. v. Network Solutions, Inc*., 985 F.Supp. 949 (C.D.Cal.1997) (NSI's acceptance of a domain name for registration is not a commercial use within the meaning of the Trademark Dilution Act).

Here, Plaintiff references Defendant's domain name, shopatwornout.com. Complaint ¶¶ 3, 5. However, mere inclusion of the term "Worn Out" in a domain name does not constitute a commercial use. Accordingly, Plaintiff has failed to plead a claim under either § 1125(a) or § 1114 of the Lanham Act.

### 2.    One Shipment in California is Not Commercial Use Under the Lanham Act

Plaintiff pleads only one other example of use of the term Worn Out in its Complaint – a picture of Defendant's alleged inner plastic packaging including the term Worn Out under Defendant's WO (and design mark). Complaint ¶ 16. However, such *de minimis* alleged use does not constitute commercial use as a matter of law.

Courts in California have long held that "no goodwill is created when a mark is 'seen by the consuming public only in very limited quantity.'" *Sebastian Brown Prods. LLC v. Muzooka Inc*., 15-CV-1720-LHK, 2016 WL 5910817, at *9 (N.D. Cal. Oct. 11, 2016) (quoting *E. & J. Gallo Winery v. Gallo Cattle Co*., 1989 WL 159628, at *3 (E.D. Cal. Jun. 19, 1989), *aff'd E. & J. Gallo Winery*, 967 F.2d 1280 (9th Cir. 1992); *Am. Auto. Ass'n of N. California, Nevada & Utah v. Gen. Motors LLC*, 367 F. Supp. 3d 1072, 1090 (N.D. Cal. 2019); *Sarieddine v. Alien Visions E-Juice, Inc.*, No. CV 18-3658 PA (MAAX), 2019 WL 1966661, at *6 (C.D. Cal. Apr. 12, 2019) (no commercial use where there was "a handful of sales made by three individuals").

The "Ninth Circuit has [further] emphasized that parties cannot rely on a few instances of a use of a mark that were "'casual' or had 'little importance

LIANG LY LLP
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
213.262.8000 (Telephone) | 213.335.7776 (Facsimile)

apparently attached to [them].'" *Am. Auto. Ass'n of N. California, Nevada & Utah v. Gen. Motors LLC*, 367 F. Supp. 3d 1072, 1090 (N.D. Cal. 2019) (citing *Dep't of Parks & Recreation for State of California v. Bazaar Del Mundo Inc.*, 448 F.3d 1118, 1126 (9th Cir. 2006)).

The same is also true in other circuits. *See Gameologist Grp., LLC v. Sci. Games Int'l, Inc.*, 838 F. Supp. 2d 141, 155 (S.D.N.Y. 2011), aff'd, 508 F. App'x 31 (2d Cir. 2013) (plaintiff failed to establish commercial use of its mark where it had documented four sales of its board game and testified to selling approximately 250 more); *Momentum Luggage & Leisure Bags v. Jansport, Inc*., No. 00 Civ. 7909, 2001 WL 830667, at *6 (S.D.N.Y. July 23, 2001) (sale of 8 pieces of luggage insufficient to establish use in commerce), *aff'd* 45 Fed.Appx. 42 (2d Cir.2002) (summary order).

In addition, "it must be remembered that federal courts do not have jurisdiction over every claim of infringement or unfair competition-whether for a registered or unregistered mark." *Hancock Park Homeowners Ass'n Est. 1948 v. Hancock Park Home Owners Ass'n*, No. CV 06-4584 SVW, 2006 WL 4532986, at *3 (C.D. Cal. Sept. 20, 2006). "Lanham Act jurisdiction only attaches to uses of a trademark in interstate state commerce, or intrastate commerce which affects interstate commerce." *Id.* (internal quotations omitted).

Here, Defendant made a total of 80 sales, only nine of which were in interstate commerce. Silverman Dec. ¶¶ 18-19. A total of nine sales is exactly the kind of "very limited quantity" which fails to rise to the level of commercial use under Ninth Circuit precedent.

Further, the single shipment in California was (presumably) to Plaintiff's own investigator. Plaintiff cannot create a single shipment in California and then use it to manufacture a lawsuit. Clearly, Plaintiff was unhappy with the results it received in pursuing Defendant in front of the TTAB and used its test purchase to

LIANG LY LLP
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
213.262.8000 (Telephone) | 213.335.7776 (Facsimile)

prematurely attempt to force its way into federal court. Such tactics and motivations should not be condoned or rewarded.[5]

Moreover, the Patagonia Registrations (Reg. Nos. 4,955,520 and 4,623,527) cover only retail store services in international class 35. In contrast, Plaintiff alleges that Defendant purportedly used the term Worn Out on an interior plastic bag enclosing Defendant's goods within an outer shipping package. Such alleged use certainly does not constitute retail store services and gives a markedly different commercial impression than the commercial impression of Plaintiff's plead marks.

Accordingly, Plaintiff's Complaint must be dismissed as a matter of law.

### 3.    Plaintiff's State Law Claims Must Be Dismissed

"The Ninth Circuit has consistently held that state common law claims of unfair competition and actions pursuant to California Business and Professions Code § 17200 are substantially congruent to claims made under the Lanham Act." *Cleary v. News Corp.*, 30 F.3d 1255, 1263–64 (9th Cir. 1995); *Growler Station, Inc. v. Foundry Growler Station, LLC*, No. SACV180433DOCDFMX, 2018 WL 6164301, at *9 (C.D. Cal. July 19, 2018) (California law trademark infringement claims, as well as UCL claims to the extent that they are based on infringement grounds, are subject to the same legal standards as Lanham Act trademark claims)

Here, Plaintiff's common law trademark infringement claim, trademark infringement under §§ 14200 *et. seq.* and unfair competition under code § 17200 *et. seq.*, are all premised on the same alleged conduct that underlies Plaintiff's claims for trademark infringement under the Lanham Act.

Accordingly, Plaintiff's state law claims must be dismissed for the same reasons as its Lanham Act claims.

LIANG LY LLP
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
213.262.8000 (Telephone) | 213.335.7776 (Facsimile)

---

[5] As noted above, both of Defendant's USPTO Applications were based on a bona fide intent to use the subject marks and not based on current use.

15

# IV.   <u>CONCLUSION</u>

For the foregoing reasons, the Court should grant Worn Out's motion and the Complaint should be dismissed.

DATED:  November 9, 2022    Respefully Submitted,
LIANG LY LLP

By:  /s/ John K. Ly
     John K. Ly

Ben Natter (*pro hac vice* forthcoming)
Michael Barer (*pro hac vice* forthcoming)
*Attorneys for Defendant Worn Out LLC*

**LIANG LY LLP**
601 South Figueroa Street, Suite 1950
Los Angeles, California 90017
213.262.8000 (Telephone) | 213.335.7776 (Facsimile)